RECEIVED

JUN - 1 2018

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

NO._____

5:18-cv-0733

**ORLANDTHEFER JAMES CARY,**

                    Petitioner(s),

       -vs-

**LOUISIANA OFFICE OF ATTORNEY**

**GENERAL,**

              Respondent(s).

IN THE UNITED STATES
DISTRICT COURT
WESTERN DISTRICT OF
LOUISIANA SHREVEPORT
DIVISION

**NOTICE DEMAND TO VACATE SUPPORT ORDER FEDERAL
RULE 60(B)(4) DEMAND JUDICIAL REVIEW**

THIS DEMAND TO VACATE SUPPORT ORDER IS SUBMITTED BY

**ORLANDTHEFER JAMES CARY** INTO THIS COURT IN THE UNITED

STATES DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA,

DIVISION OF SHREVEPORT **ON 06-01-2018** NOTICE TO THE COURT

DEMANDING REMEDY TO VACATE SUPPORT ORDERS CREATED

WITHOUT DUE PROCESS OF LAW BY AN ADJUDICATOR WHO IS NOT

UNBIASED NOR IMPARTIAL AS REQUIRED BY 5TH AND 14TH

AMENDMENTS.

THE FACT FINDER WHO CREATED THIS VOID SUPPORT ORDER HAD A

PECUNIARY INTEREST IN THE OUTCOME AND WAS NOT

UNBIASED NOR IMPARTIAL THEREFORE THE SUPPORT ORDER IS VOID.

THE FACT FINDER'S SALARY IS PAID PARTIALLY OR WHOLLY FROM TITLE IV-D FEDERAL FUNDS RECEIVED FROM THE FACT FINDER'S DECISION THAT ESTABLISHED SUPPORT ORDER UNDER 42 USC SECTION 654 (3) A SEPARATE ORGANIZATION INDEPENDENT FROM THE COURTS REQUIRING AN IMPARTIAL JUDICIAL REVIEW AND CONFIRMATION BEFORE A PENNY CAN BE DEPRIVED UNDER THE 14TH AMENDMENT. *[SUPREME COURT OF THE UNITED STATES CAPERTON ET AL. v. A. T. MASSEY COAL CO.,INC., ET AL. Tumey v. Ohio, 273 U. S. 510, 523]*

WITHOUT AN INDEPENDENT JUDICIAL REVIEW FROM A JUDICIAL OFFICER WHOSE SALARY IS NOT PAID FROM FEDERAL FUNDS RECEIVED FROM TITLE IV-D ESTABLISHED SUPPORT ORDER THAT IS CAUSING DEPRIVATION OF PROPERTY AT THIS VERY MOMENT.

COMES NOW, ONE OF THE PEOPLE **ORLANDTHEFER JAMES CARY,** AN AMERICAN CITIZEN STANDING UPON INALIENABLE RIGHTS

2

GUARANTEED BY THE UNITED STATES CONSTITUTION BILL OF RIGHTS.

MY STANDING UPON THE US CONSTITUTION AND EXPECTATION OF THIS COURT TO SUPPORT AND DEFEND THESE GUARANTEES SHALL NOT CAUSE THIS COURT OR ANY OF ITS EMPLOYEES TO CALL **ORLANDTHEFER JAMES CARY** A "SOVEREIGN CITIZEN" OR "CONSTITUTIONALIST."

THE JUDICIAL OFFICER OR QUASI JUDICIAL OFFICIAL ADDRESSING THIS DEMAND TO VACATE MUST ADDRESS THIS DEMAND TO VACATE NOTICE WHILE IN PURSUANCE OF THE UNITED STATES CONSTITUTION AND BILL OF RIGHTS PURSUANT ARTICLE 6 SECTION 2 THE SUPREMACY CLAUSE AND IN PURSUANCE OF OATH FILED UNDER PUBLIC OFFICERS LAW.

ANY JUDICIAL OR ADMINISTRATIVE PROCESS NOT IN PURSUANCE OF THE US CONSTITUTION BILL OF RIGHTS IS VOID PURSUANT SUPREME COURT MATTER MARBURY V MADISON AND IT IS THE DUTY OF THE COURTS TO ACT OBSTA PRINCIPIIS.

THE INTENTION OF THIS LENGTHY DEMAND TO VACATE PURSUANT FEDERAL RULE 60(B)(4) IS TO PROVE SUPPORT ORDERS FOR CHILD SUPPORT WERE MADE WITHOUT ANY SEMBLANCE OF DUE PROCESS AND PROVING THE PROCEDURES UNDER 45 CFR 303.101 WERE NOT FOLLOWED BY THE PRESIDING OFFICER, WHEREBY WHEN DUE PROCESS OF ANY KIND IS NOT FOLLOWED THE CONCLUSIONS MADE ARE VOID OR DEFECTIVE AND UNENFORCEABLE.

FURTHER, RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION BILL OF RIGHTS CANNOT BE DEPRIVED BY ANY STATE CHILD SUPPORT LAWS OR STATUTES AS GUARANTEED UNDER 14TH AMENDMENT. THE COURTS HAVE COMMONLY HELD THAT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION, THE LAW OF THE LAND CANNOT BE DEPRIVED BY STATE STATUTES *["That statutes which would deprive a citizen of the rights of person or property without a regular trial, according to the course and usage of common law, would not be the law of the land." Hoke v. Henderson, 15 NC 1 - 1833]*

THE ESTABLISHMENT AND AGGRESSIVE ENFORCEMENT OF SUPPORT ORDERS WERE USED TO DEPRIVE PERSONAL

PROPERTY FROM ONE OF THE PEOPLE **ORLANDTHEFER JAMES CARY**.

WHEREBY, IT IS THE DUTY OF THIS COURT UNDER THE UNITED STATES CONSTITUTION BILL OF RIGHTS TO IMPARTIALLY PROTECT AGAINST CONSTITUTIONAL ENCROACHMENTS AND PROVIDE IMPARTIAL EQUAL PROTECTION.

THE TITLE IV -D FUNDS RECEIVED FOR THE ESTABLISHMENT AND ENFORCEMENT OF CHILD SUPPORT RENDERS ALL PARTIES INVOLVED IN THE OUTCOME AS NOT IMPARTIAL ADJUDICATORS.

 THE TITLE IV -D FUNDS ARE DEPOSITED INTO STATE TREASURY AND IS USED TO PAY SALARIES OF ALL EMPLOYEES INVOLVED IN THE ESTABLISHMENT OF CHILD SUPPORT, THEREFORE PRESIDING OFFICER HAS A PECUNIARY INTEREST IN THE OUTCOME AND CANNOT REMAIN IMPARTIAL.    *SUPREME COURT OF THE UNITED STATES CAPERTON ET AL. v. A. T. MASSEY COAL CO., INC., ET AL. Tumey v. Ohio, 273 U. S. 510, 523*

IT IS THE DUTY OF THIS COURT AND THE PUBLIC OFFICER EXAMINING THE FACTS AND EVIDENCE TO IMMEDIATELY REMEDY THE HARMS CAUSED BY VOID SUPPORT ORDERS

5

CLEARLY MADE IN VIOLATION OF DUE PROCESS, THEREFORE THIS COURT HAS NO DISCRETION PURSUANT FEDERAL RULE 60(B)(4) AND ITS MANDATE TO IMPARTIALLY PROVIDE EQUAL PROTECTION OF THE LAWS AND MUST VACATE ALL SUPPORT ORDERS AGAINST **ORLANDTHEFER JAMES CARY** MADE IN VIOLATION OF DUE PROCESS *AB INITIO* **_FROM THE BEGINNING [United States v. Indoor Cultivation Equip. from High Tech Indoor  Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995)._**

## DECLARATION OF FACTS

1. Comes now, one of the people **ORLANDTHEFER JAMES CARY** demanding to vacate void judgments created in violation of due process are alleging to be court orders for support that are illegally being used to deprive this man of his right to ownership of his property. *Although relief under Rule 60(b) is subject to review for abuse of discretion, if a "judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment." United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent*

_with due process of law."_

2.   One of the people **ORLANDTHEFER JAMES CARY** contends that his right to due process, a constitutional guaranteed was deprived and the United States Supreme Court has held that judgments/orders made without due process of law are void and can be attacked at any time directly or collaterally. This Court/Title IV-D Tribunal must provide evidence of jurisdiction to order support in violation of due process as guaranteed by 4th, 5th, 6th, 9th, and 14th amendments as required by due process of law. _"Although relief under Rule 60(b) is subject to review for abuse of discretion, if a "judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment." United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent with due process of law."_

3. **ORLANDTHEFER JAMES CARY** gives notice that he, having never dealt with the family court system or any court of equity to his knowledge previous to this time, claims an affirmative defense alleging that he did have a good faith reliance on a misleading

representation asserted by this court and that he now has an injury and a detrimental change in his position directly resulting from that reliance.

4. At no time knowingly waived his right to a trial by jury (US Constitution Article 3 Section 2 and Amendment 7) the freedom from involuntary servitude, (US Constitution Amendment 13 Section 1.) and the right to be free from incarceration for failure to pay a debt. This practice concerning civil matters was banned under federal law in 1833 and banned by the US Constitution 14th Amendment as interpreted by the Supreme Court in a 1983 ruling which stated that incarcerating indigent debtors was unconstitutional under the Fourteenth Amendment's Equal Protection clause and under no circumstances can this court create a court ordered money judgment called a support order rendering **ORLANDTHEFER JAMES CARY** into poverty by the court's claim that support must be paid and paid through a state run child support enforcement agency for which the state will receive up to 66% federal funds, another violation of taking private property and using for public use without compensation.

5. **ORLANDTHEFER JAMES CARY** at no time waived his right to an impartial equal protection of law under the 5th and 14th amendments.

8

6. Therefore this court has no discretion but to vacate support orders created in violation of due process. *Although relief under Rule 60(b) is subject to review for abuse of discretion, if a "judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment." United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995). A judgment is void and should be vacated pursuant to Rule 60(b)(4) if "the court that rendered the judgment acted in a manner inconsistent with due process of law."*

7. This demand to vacate void judgments comes with no time restraints for a void judgment, the courts have held, can be attacked at any time, in any court. *[Ex parte Siebold, 100 U. S. 371, 376-377: ". . The validity of the judgments is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it.*

*But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that . . . the question of the court's authority to try and imprison the party may be reviewed on habeas corpus . . . ."*

8. It is the duty of the courts to be impartial and provide equal protection of law and cannot rely upon presumptions in lieu of facts and evidence. *"It may be that it... is the obnoxious thing in its mildest and* least repulsive form; but illegitimate and unconstitutional practices *get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the courts to be watchful for the constitutional rights of the citizens, and against any stealthy encroachments thereon. Their motto should be obsta prinicipiis,"* **Mr. Justice Brewer, dissenting, quoting Mr. Justice Bradley in Boyd v. United States, 116 U.S. 616, 29 L.Ed. 746, 6 Sup.Ct.Rep. 524Hale v. Henkel, 201 U.S. 43 (1906)**

9.    This affidavit is demanding to view the evidence introduced into court during evidentiary hearing resulting in granting this judicial or administrative entity the jurisdiction to create support orders ordering a third party Child Support Enforcement Agency to seize the personal property of **ORLANDTHEFER JAMES CARY,** to suspend driving privileges, to suspend travel by freezing passport and to freeze bank accounts.

10.    Without evidence, all action taken upon One of the people **ORLANDTHEFER JAMES CARY** are and were unlawful requiring the immediate discharge and dismissal of support orders and requiring this judicial actor and court to issue court orders ordering child support enforcement to cease and desist and order the immediate restoration of rights and property. Definition of inalienable (adj.) Look up inalienable at Dictionary.com "that cannot be given up,"

## PRESUMPTIONS ARE NOT FACTS AND PROPER DUE PROCESS OF LAW IS TO REPLACE ALL PRESUMPTIONS WITH FACTS SUPPORTED BY EVIDENCE

1. One of the people **ORLANDTHEFER JAMES CARY** hereby informs this court that he rebuts all conclusive presumptions therefore this court must not support use of presumptions

11

without the clarification of evidence to support conclusive presumptions, such as obligor. An obligor is obligated to a contract, and proof of consent is required before calling one of the people **ORLANDTHEFER JAMES CARY** and obligor by providing proof he entered into a contract to pay child support through child support collection services. ***Obligor (n.) Look up obligor at Dictionary.com "person who binds himself to another by contract,"***

2. The following child support terms are conclusive presumptions encroaching upon my rights to due process and equal protection of law.

3. <u>**Obligor;**</u> The person obligated to pay child support (also referred to as a noncustodial parent or NCP)

4. <u>**Non-custodial parent;**</u> the parent who does not have primary care, custody, or control of the child, and who may have an obligation to pay child support. Also referred to as the obligor.

5. <u>**Biological Father;**</u> The man who provided the paternal genes of a child. The biological father is sometimes referred to as the natural father.

6. **Payor;** Person who makes a payment, usually a noncustodial parent or someone acting on their behalf.

**All Conclusive Presumptions by this Entity or Agent addressing this Judicial Review and Demand for Dismissal and Discharge must be supported by Clarification of Evidence to Support Presumptions or the Presumptions will Prejudice or Injure the Protected Rights of the undersigned, a Violation of Due Process of Law that Results in a Void Judgment for failure to follow due process guaranteed by 5th and 14th amendments.**

1. The presumptions in this matter requiring evidence that due process of law and equal of protection of law were provided and presumption the undersigned is obligated by contract under Title IV-A to pay child support to Title IV-D Child Support Collection contractor.

2. These presumptions must be proven by facts and evidence or this demand for dismissal and discharge must be granted immediately without terms.

**Black's Law Dictionary, Sixth Edition, defines "presumption" as follows:**

**Presumption.** *An inference in favor of a particular fact. A presumption is a rule of law, statutory or judicial, by which finding of a basic fact gives rise to existence of presumed fact, until presumption is rebutted.* **Van Wart v. Cook, Okl.App., 557 P.2d. 1161, 1163.** *A legal device which operates in the absence of other proof to require that certain inferences be drawn from the available evidence.* **Port Terminal & Warehousing Co. v. John S. James 40 Co., D.C.Ga., 92 F .R.D. 100, 106.**

**A "presumption" is not evidence, but simply a belief akin to a religion.** *A presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action. A presumption is not evidence. A presumption is either conclusive or rebuttable. Every rebuttable presumption is either (a) a presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof. Calif.Evid.Code, §600.*

**In all civil actions and proceedings not otherwise provided for by Act of Congress or by the Federal Rules of Evidence, a presumption imposes on the party against whom it is directed the burden of going forward**

14

with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast. **Federal Evidence Rule 301.**

*See also disputable presumption; inference; Juris et de jure,' Presumptive evidence; Prima facie; Raise a presumption.*

*Presumptions may not be imposed if they injure rights protected by the Constitution: A conclusive presumption may be defeated where its application would impair a party's constitutionally-protected liberty or property interests.*

*In such cases, conclusive presumptions have been held to violate a party's due process and equal protection rights. [Vlandis v. Kline (1973) 412 US. 441, 449, 93 S.Ct. 2230, 2235; Cleveland Bed. of Ed. v. LaFleur (1974) 414 US. 632, 639-640, 94 S. Ct. 1208, I215-presumption under Illinois law that unmarried fathers are unfit violates process]*

To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable

15

doubt. In re Winship, 397 U.S. 358, 364 (1970). [425 U.S. 501, 504] [Delo v. Lashely, 507 U.S. 272 (1993)]

*I declare that a full discharge and dismissal for the unconstitutional procedures violating due process used in the efforts to collect an unsubstantiated debt for an unsubstantiated loan for public assistance under Title IV-A of the Social Security Act.*

**All state child support proceedings must be in accordance with federal child support enforcement under 45 CFR 303.101, therefore, I declare that a full discharge and dismissal for violation of due process for the presiding officer's failure to follow guidelines under 45 CFR 303.101 Expedited Processes:**

1. **45 C.F.R. § 303.101(d)(1)** Take testimony and establish a record. Whereas One of the people denies being afforded due process and equal protection of laws as required by 14th amendment, therefore these child support terms are presumptions insinuating guilt, which the facts and lack of physical evidence proves these presumptive terms are false therefore must be removed from all records claiming a Title IV-A child support loan was made to One of the people **ORLANDTHEFER JAMES CARY**

16

2. **45 C.F.R. § 303.101(c)(2)** Parties must be afforded due process;

Whereas I understand it, the State of Louisiana has seized **ORLANDTHEFER JAMES CARY** property by denying my 14th Amendment right to due process and equal protection of law and my property has been seized without a warrant in violation of the 4th amendment.

**EVIDENCE PROVIDED BY DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION THIS COURT HAS A PECUNIARY INTEREST IN THE OUTCOME OF SUPPORT ORDERS WHEREBY A VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER 14TH AMENDMENT**

The United States Department of Justice Civil Rights Division Memo dated March 16, 2016, stated the following:

1. *"Courts must safeguard against unconstitutional practices by court staff and private contractors."*

2. *"Courts must not use arrest warrants or license suspensions as a means of coercing the payment of court debt when individuals have not been afforded constitutionally adequate procedural protections."*

Family Court Division, Circuit Courts and Child support enforcement contractors receives federal funds under 42 USC section 654 by states

17

creating a separate organization for child support enforcement and Title IV-D 42 USC sec 658a for child support enforcement incentives, therefore has a pecuniary interest in the outcome of support proceedings, and this is a serious violation of the due process clause of the 14th amendment under  Ward v Monroeville. ***Ward  v. Village of Monroeville, Ohio, 409 U.S. 57,  61-62 (1972).***

*"In court systems receiving federal funds, these practices may also violate **Title VI of the Civil Rights Act of 1964, 42 U.S.C § 2000d,** when they unnecessarily impose disparate harm on the basis of race or national origin".* DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 16, 2016

Can this court support the practices by child support enforcement as constitutional? If it cannot, it must immediately dismiss and discharge with prejudice.

1.    The due process and equal protection principles of the Fourteenth Amendment prohibit "punishing a person for his poverty." ***Bearden v.  Georgia, 461 U.S. 660, 671 (1983).***

2.    The Supreme Court recently reaffirmed this principle in ***Turner v. Rogers, 131 S. Ct. 2507 (2011),*** holding that a court violates due process when it finds a parent in civil contempt and jails the parent for

failure to pay child support, without first inquiring into the parent's ability to pay. Id. at 2518-19.

3. To comply with this constitutional guarantee, state and local courts must inquire as to a person's ability to pay prior to imposing incarceration for nonpayment.

**Courts must not condition access to a judicial hearing on prepayment of fines or fees.**

*"State and local courts deprive indigent defendants of due process and equal protection if they condition access to the courts on payment of fines or fees. **See Boddie v. Connecticut, 401 U.S. 371, 374 (1971)** (holding that due process bars states from conditioning access to compulsory judicial process on the payment of court fees by those unable to pay); see also **Tucker v. City of Montgomery Bd. of Comm'rs, 410 F. Supp. 494, 502 (M.D. Ala. 1976)** (holding that the conditioning of an appeal on payment of a bond violates indigent prisoners' equal protection rights and "'has no place in our heritage of Equal Justice Under Law" (citing **Burns v. Ohio, 360 U.S. 252, 258 (1959)).**"*

Suspending of driver's license is an unconstitutional administrative procedure by depriving one of the people **ORLANDTHEFER JAMES CARY**

of his right to travel and hindering his livelihood and forcing further into poverty.

**Courts must not use arrest warrants or license suspensions as a means of coercing the payment of court debt when individuals have not been afforded constitutionally adequate procedural protections.**

*"In many jurisdictions, courts are also authorized—and in some cases required—to initiate the suspension of a defendant's driver's license to compel the payment of outstanding court debts. If a defendant's driver's license is suspended because of failure to pay a fine, such a suspension may be unlawful if the defendant was deprived of his due process right to establish inability to pay.* **See Bell v. Burson, 402 U.S. 535, 539 (1971)** *(holding that driver's licenses "may become essential in the pursuit of a livelihood" and thus "are not to be taken away without that procedural due process required by the Fourteenth Amendment");* **cf. Dixon v. Love, 431 U.S. 105,** *113-14 (1977) (upholding revocation of driver's license after conviction based in part on the due process provided in the underlying criminal proceedings);* **Mackey v. Montrym, 443 U.S. 1, 13-17 (1979)** *(upholding suspension of driver's license after arrest for driving under the influence and refusal to take a breath-analysis test, because suspension "substantially served" the government's interest in public safety and was*

20

*based on "objective facts either within the personal knowledge of an impartial government official or readily ascertainable by him," making the risk of erroneous deprivation low). Accordingly, automatic license suspensions premised on determinations that fail to comport with Bearden and its progeny may violate due process."* [DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 16, 2016]

**Courts must safeguard against unconstitutional practices by court staff and private contractors.**

Under 42 USC section 658a Title IV-d Child Support Enforcement incentive payments results in the child support enforcement contractor having a significant pecuniary interest in the outcome, and as in this matter, will use expedited processes to speed up the process so the state of **LOUISIANA** can receive these federal funds at the cost of one of the people **ORLANDTHEFER JAMES CARY** rights to due process and equal protection of laws guaranteed under the 14. amendment. This court was created to provide remedy and equal protection of laws pursuant the symbol of a blindfolded woman holding a scale, therefore it is required that this court must guard against these encroachments.

*"Additional due process concerns arise when these designees have a direct pecuniary interest in the management or outcome of a case—for example,*

when a jurisdiction employs private, for-profit companies to supervise probationers. In many such jurisdictions, probation companies are authorized not only to collect court fines, but also to impose an array of discretionary surcharges (such as supervision fees, late fees, drug testing fees, etc.) to be paid to the company itself rather than to the court. Thus, the probation company that decides what services or sanctions to impose stands to profit from those very decisions. The Supreme Court has "always been sensitive to the possibility that important actors in the criminal justice system may be influenced by factors that threaten to compromise the performance of their duty." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 810 (1987). It has expressly prohibited arrangements in which the judge might have a pecuniary interest, direct or indirect, in the outcome of a case. See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (invalidating conviction on the basis of $12 fee paid to the mayor only upon conviction in mayor's court); *Ward v. Village of Monroeville, Ohio*, 409 U.S. 57, 61-62 (1972) (extending reasoning of Tumey to cases in which the judge has a clear but not direct interest). It has applied the same reasoning to prosecutors, holding that the appointment of a private prosecutor with a pecuniary interest in the outcome of a case constitutes fundamental error because it "undermines confidence in the integrity of the criminal proceeding." Young,

22

*481 U.S. at 811-14. The appointment of a private probation company with a pecuniary interest in the outcome of its cases raises similarly fundamental concerns about fairness and due process"* [DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION MEMO DATED MARCH 16, 2016]

**THE FOLLOWING CAN BE FOUND IN CHAPTER 6 Essentials for Attorneys in Child Enforcement EXPEDITED JUDICIAL AND ADMINISTRATIVE PROCESSES**

**Constitutionality**

*The movement from judicial processes for CSE to administrative processes has raised issues of constitutionality. These are generally issues of separation of powers and due process.*

**Separation of Powers** *The separation of powers issue raised by the advent of administrative processes is whether the legislature can delegate a traditionally judicial area to the Executive branch of Government. The answer depends, in large part, on State constitutional law. Generally, State legislatures have broad authority to determine the right and responsibilities of citizens and to establish processes for enforcing those responsibilities. PRWORA did not mandate the administrative establishment of child support orders, leaving the decision as to whether to remove this function from the Judicial branch and place it with the Executive branch up to the States.*

*The Supreme Court of Minnesota recently held the administrative child support process created by its legislature to be a violation of the separation of powers doctrine.*

*Minnesota's administrative process included procedures for uncontested and contested cases. In uncontested cases, the agency prepared a proposed support order for the parties' signature and the administrative law judge's ratification. If either party contested the proposed order, the case moved into the contested process. In the contested process, the case was presented by a child support officer (CSO) who was not an attorney. The administrative law judge (ALJ) had judicial powers, including the ability to modify judicial child support orders. While the ALJ could not preside over contested paternity and contempt proceedings, he or she could grant stipulated contempt orders and uncontested paternity orders. While recognizing the importance of streamlining child support mechanisms, the Minnesota Supreme Court stated it could not ignore separation of powers constraints. It concluded that the administrative structure violated separation of powers for three reasons. First, the administrative process infringed on the district court's jurisdiction in contravention to the Minnesota Constitution. Second, ALJ jurisdiction was not inferior to the district court's jurisdiction, as mandated by the Minnesota Constitution.*

24

*Third, the administrative process empowered non-attorneys to engage in the practice of law, infringing on the court's exclusive power to supervise the practice of law. The decision was stayed for several months to give the legislature time to amend Minnesota laws in accord with the decision.*

**Due Process**

*The question of due process raises a fundamental Federal constitutional protection. The 14th Amendment to the United States Constitution provides that a person "shall not be deprived of life, liberty, or property without due process of law." The U.S. Supreme Court has established some very important criteria for due process, falling into three general areas: Challenges have arisen to the manner in which administrative process is invoked. An illustrative case is Holmberg v. Holmberg, in which the Minnesota Supreme Court held that the State's administrative process for child support orders was unconstitutional. The legislature had put into place a system under which uncontested child support cases could be heard by administrative law judges, who had the power to set child support awards, and to modify awards previously set by circuit courts. The orders were directly appealable to the appellate court, without review by the district court. The Minnesota Supreme Court held that such a system is unconstitutional because it violates the separation of powers doctrine and*

25

*usurps the original jurisdiction of the district court.* On more of the constitutional safeguards has been violated in the expedited processes for assessment of support and issuance of an alleged support order alleging a debt exists for a loan under Title IV-A of Social Security Act. The court must provide proof of a money judgment entered with county clerk pursuant All Writs Section proving that all writs coming from a court within the US must have a clerk's signature pursuant 28 USC section 1691 or it is void. The Court hearing this demand for dismissal and discharge has the judicial responsibility to ensure the equal protection clause provided the 14th amendment protecting against any state child support laws and administrative procedures which shall violate the following:

1. The 14th amendment protection from State Laws and administrative procedures that shall violate inalienable rights guaranteed in the state and US Bill of Rights. *A fundamental, constitutional guarantee that all legal proceedings will be fair and that one will be given notice of the proceedings and an opportunity to be heard before the government acts to take away one's life, liberty, or property. Also, a constitutional guarantee that a law shall not be unreasonable, Arbitrary, or capricious*

26

2. 7th Amendment Right to a trial by jury in controversies of $20 or more.

3. The threat of incarceration must allow for right to counsel in accordance with 6th amendment.

4. The 4th amendment guarantee of freedom from seizure of property unless by due process of law by a warrant with oath or affirmation. The seizure of property were violated and this court must guard against violation. All courts are created for remedy and this declaration and demand for remedy by issuance of dismissal and discharge with prejudice.

**CLARIFICATION OF EVIDENCE IS WHAT GIVES THE ADJUDICATOR AND THE COURT JURISDICTION TO SUPPORT A DISMISSAL/DENIAL OF THIS NOTICE TO THE COURT**

Please refrain from dismissing this notice of Demand with a single line statement *"dismissed/denial for lack of merit"* without first providing a clear clarification of evidence introduced by the petitioner of the support proceedings. The justification of a Dismissal/Denial must be based upon evidence, and clarification of this evidence by clarifying where and when such proof was introduced along with the exhibit number or letter affixed

to the exhibits marked as evidence, which led the fact finder to establish the support orders.

One of the people **ORLANDTHEFER JAMES CARY** confident this Court will immediately dismiss and discharge this matter with prejudice. Thank you.

**CERTIFICATION**

The undersigned hereby affirms under threat of perjury that the aforementioned affidavit is true and the information in italics were accumulated from *45 CFR 303.101, Chapter 6 Essentials for Attorneys Health and Human Services* and *United States Department of Justice Civil Rights Division dated March 16, 2016.*

_____ **(Name and Signature of Affiant)**

SWORN to and subscribed before me, this the ____ day of _____,

20____

_____

**NOTARY PUBLIC**

My Commission Expires:

_____

29